UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD RONALD GLOVER,<br><br>    Petitioner,<br><br>    v.<br><br>GARY SWARTHOUT, warden,<br><br>    Respondent. | No. C 11-1191 SI (pr)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Lloyd Ronald Glover, a prisoner at the California State Prison - Solano, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court dismissed the petition with leave to amend so that Glover could attempt to cure numerous pleading problems. He later filed "Petitioners Objection To Motion To Dismiss Amended Habeas Corpus Petition" (docket # 6) which the court construes to be an amended petition because there is no motion to dismiss pending and because the statements in the document cured the defects identified in the original petition. His amended petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

The petition for writ of habeas corpus includes the following information: Glover was convicted in San Francisco County Superior Court of first degree burglary and a sentence enhancement allegation under California Penal Code §667.5(c)(21) was found true. In August

2007, he was sentenced to 20 years in state prison. He appealed. In 2010, the California Court of Appeal affirmed his conviction and the California Supreme Court denied his petition for review. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The amended petition (docket # 6) alleges the following claims. First, Glover alleges that he was denied his right to present a defense when the court refused to ask, and/or refused to allow defense counsel to ask, hypothetical questions to the identification expert witness Dr. Eisen. Second, Glover alleges that he received ineffective assistance of counsel in that counsel failed to investigate Ms. Weitzman's statement and failed to present evidence to impeach Mr. Weitzman. Third, Glover alleges that the trial court erroneously denied his *Marsden* motions, thereby depriving him of effective assistance of counsel. Fourth, Glover alleges that the trial court erred in failing to grant his motion for a new trial that apparently complained of the restrictions on the identification expert witness' testimony and Confrontation Clause violations in the introduction of testimonial statements from out-of-court declarants. Fifth, Glover alleges that his right to due process was violated because the evidence was insufficient to support the sentence enhancement finding for burglary of an occupied premises. Liberally construed, the claims appear to be cognizable in a federal habeas action.

# CONCLUSION

For the foregoing reasons,

1. The amended petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and amended petition, and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **December 9, 2011**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **January 13, 2012**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

DATED: September 30, 2011

SUSAN ILLSTON
United States District Judge