UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD RONALD GLOVER, | No. C 11-1191 SI (pr) |
| Petitioner, | **ORDER GRANTING MOTION TO DISMISS AND REQUIRING ELECTION BY PETITIONER** |
| v. | |
| GARY SWARTHOUT, warden, | |
| Respondent. | |

## INTRODUCTION

Lloyd Ronald Glover, a prisoner at the California State Prison - Solano, filed this action pursuant to 28 U.S.C. § 2254 to challenge his 2007 conviction in San Francisco County Superior Court. The matter is now before the court for consideration of respondent's unopposed motion to dismiss for failure to exhaust state judicial remedies and Glover's motion for a stay and abeyance.

## BACKGROUND

Glover was convicted in San Francisco County Superior Court of first degree burglary and several sentence enhancement allegations were found true. In August 2007, he was sentenced to 20 years in state prison. He appealed. In 2010, the California Court of Appeal affirmed his conviction and the California Supreme Court denied his petition for review.

Glover then filed this action. The court reviewed the petition for writ of habeas corpus and, finding it deficient, required Glover to file an amended petition. Glover's amended federal petition (docket # 6) alleged the following claims: (1) Glover was denied his right to present a defense when the court refused to ask, and/or refused to allow defense counsel to ask, hypothetical questions to the identification expert witness Dr. Eisen; (2) Glover received ineffective assistance of counsel in that counsel failed to investigate Ms. Weitzman's statement and failed to present evidence to impeach Mr. Weitzman; (3) the trial court erroneously denied his *Marsden* motions, thereby depriving him of effective assistance of counsel; (4) the trial court erred in failing to grant his motion for a new trial that apparently complained of the restrictions on the identification expert witness' testimony and Confrontation Clause violations in the introduction of testimonial statements from out-of-court declarants; and (5) Glover's right to due process was violated because the evidence was insufficient to support the sentence enhancement finding for burglary of an occupied premises. The court found that, liberally construed, the claims appeared to be cognizable in a federal habeas action and ordered respondent to show cause why the amended federal petition should not be granted.

Respondent now moves to dismiss the amended federal petition, arguing that state court remedies have not been exhausted for three of the five claims. Glover does not oppose the motion to dismiss; instead, he concedes non-exhaustion of some claims and requests a stay and abeyance so that he may exhaust state court remedies for his unexhausted claims.

**DISCUSSION**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c).

Glover does not dispute respondent's assertion that the only petition filed in the California Supreme Court was the "petition for review to exhaust state remedies" that was filed by counsel

2

on October 12, 2010 (the "exhaustion petition"). *See* Docket # 10, pp. 7-37. The court has compared the exhaustion petition with the amended federal petition for writ of habeas corpus. Having compared the two documents, the court concludes that the exhaustion petition contained only the first two of the five claims in the amended federal petition. Claim 1 in the amended federal petition corresponds to the claim asserted at page 18 in the exhaustion petition, and Claim 2 in the amended federal petition corresponds to the claim asserted at pages 19 and 21 in the exhaustion petition. State court remedies have been exhausted for Claims 1 and 2, but not for Claims 3, 4, and 5, in the amended federal petition.

Glover's amended federal petition contains both exhausted and unexhausted claims and therefore is a "mixed" petition. See *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *cf.* 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure to exhaust).

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. § 2244(d), the court is reluctant to dismiss the mixed petition (and possibly cause a later-filed petition to be time-barred) without giving Glover the opportunity to elect whether to proceed with just his exhausted claims, or to try to exhaust the unexhausted claims before having this court consider all his claims. Accordingly, instead of an outright dismissal of the action, the court will allow Glover to choose whether he wants to –

(1) dismiss the unexhausted claims and go forward in this action with only the exhausted claims, or

(2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims, or

(3) file a motion for a stay of these proceedings while he exhausts his unexhausted claims in the California Supreme Court.

Glover is cautioned that the options have risks which he should take into account in deciding

which option to choose. If he chooses option (1) and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition. *See* 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition might be rejected as time-barred. *See* 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this court to obtain a stay and (if the motion is granted) then must act diligently to file in the California Supreme Court, to obtain a decision from the California Supreme Court on his unexhausted claims, and to return to this court. And under option (3), this action stalls: this court will do nothing further to resolve the case while petitioner is diligently seeking relief in state court.

In *Rhines*, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions.[1] The Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277-78. Any stay must be limited in time to avoid

---

[1] There is an alternate stay procedure for a petitioner who has some unexhausted claims he wants to present in his federal habeas action, but it often is unhelpful because statute of limitations problems may exist for claims that are not sufficiently related to the claims in the original petition. Under the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1134 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43.

4

1  indefinite delay. *Id.* Reasonable time limits would be 30 days to get to state court, as long as
2  necessary in state court, and 30 days to get back to federal court after the final rejection of the
3  claims by the state court. *See id.* at 278; *Kelly v. Small*, 315 F.3d at 1071.

4  Although Glover did file a motion for a stay and abeyance, he made no attempt to show
5  good cause for his failure to exhaust his claims in state court before filing this action.
6  *See Rhines*, 544 U.S. at 277. Thus, his motion must be denied because it does not satisfy one
7  of the essential requirements of *Rhines*. (The court also will not construe it to be a motion under
8  the *King/Kelly* procedure described in footnote 1 because a *King/Kelly* stay would create a
9  statute of limitations problem for his unexhausted claims.) If Glover wants a stay under *Rhines*
10 so that he may exhaust state court remedies (i.e., option 3 discussed above), he needs to file a
11 new motion for a stay, and explain in it how he satisfies the *Rhines* requirements, including
12 showing that there was "good cause for [his] failure to exhaust his claims first in state court."
13 *Rhines*, 544 U.S. at 277.

14
15                                    **CONCLUSION**
16     Respondent's motion to dismiss is GRANTED. (Docket # 10.) Petitioner's motion for
17 a stay and abeyance is DENIED. (Docket # 14.)
18     Petitioner must file no later than **August 3, 2012**, a notice in which he states whether he
19 elects to (1) dismiss the unexhausted claims and go forward in this action with only the
20 remaining claims, or (2) dismiss this action and return to state court to exhaust all of his claims
21 before returning to federal court to present all of his claims in a new petition, or (3) moves for
22 a stay of these proceedings while he exhausts his state court remedies for the unexhausted
23 claims. If he chooses Option (1) or Option (2), his filing need not be a long document; it is
24 sufficient if he files a one-page document entitled "Election By Petitioner" and states simply:
25 "Petitioner elects to proceed under option ___ provided in the court's Order On Initial Review."
26 Petitioner would have to insert a number in place of the blank space to indicate which of the first
27 two options he chooses. If he chooses Option (3), no later than **August 3, 2012**, petitioner must
28 file a motion for a stay in which he explains why he failed to exhaust his unexhausted claims in

1 state court before presenting them to this court, that his claims are not meritless, and that he is
2 not intentionally delaying resolution of his constitutional claims. If petitioner does not choose
3 one of the three options or file a motion by the deadline, the court will dismiss the unexhausted
4 claims.

5     IT IS SO ORDERED.

6 DATED: June 28, 2012

                              SUSAN ILLSTON
7                            United States District Judge